UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LARRY O. JOHNSON,

        Plaintiff,

v.

S.C.O. MARSH, et al.,

        Defendants.

Civil No. 10-1945 (SDW)

ORDER

IT APPEARING THAT:

1. On April 14, 2010, the Clerk opened the instant matter and docketed Plaintiff's instant civil complaint, as well as Plaintiff's in forma pauperis application. See Docket Entry No. 1.

2. Plaintiff is already a party to another action in this District, Johnson v. Mash, 10-1630 (FSH); that action is identical to the instant matter in all substantive respects.

3. The instant matter is, therefore, duplicative of Johnson v. Mash, 10-1630.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

IT IS, therefore, on this 19th day of May, 2010,

ORDERED that the Clerk of the Court shall administratively terminate the instant matter as duplicative, without filing the complaint submitted in this matter and without assessing a filing fee with regard to this matter; and it is further

ORDERED that the Clerk shall docket Plaintiff's instant complaint, Docket Entry No. 1, as well as Plaintiff's instant <u>in forma pauperis</u> application, Docket Entry No. 1-1, in <u>Johnson v. Mash</u>, 10-1630, and – upon such docketing – designate Plaintiff's instant complaint as "Amended Complaint" for the purposes of <u>Johnson v. Mash</u>, 10-1630 (and designate April 14, 2010, as the date when the Amended Complaint arrived to the Office of the Clerk); and it is further

ORDERED that the Clerk shall docket the instant Order in this matter, as well as in <u>Johnson v. Mash</u>, 10-1630; and it is further

ORDERED that the instant Order is **NOT** an order entering a decision as to the substantive or procedural validity (or invalidity) of Plaintiff's submissions for the purposes of resolving <u>Johnson v. Mash</u>, 10-1630; the decision as to those matters is within sole discretion of Judge Faith S. Hochberg, who is presiding over <u>Johnson v. Mash</u>, 10-1630; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close the file in this matter.

_____
Susan D. Wigenton
United States District Judge